CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 14 2007

JOHN F. CORCORAN, CLERK
BY: /s/ K. Botts
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE No. 5:07cr00037 |
| v. | ) | |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| PAT JEFFREY EGAN, | ) | |
| | ) | By: Hon. James G. Welsh |
| Defendant | ) | U.S. Magistrate Judge |
| | ) | |

The Grand Jury previously returned a Superseding Indictment ("Indictment") charging this defendant in Count One with knowingly combining, conspiring, confederating, and agreeing with diverse persons, both known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute, no later than December 2006, more than fifty (50) grams of a mixture or substance containing cocaine base (commonly called "crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846; in Count Two with knowingly and willfully distributing and possessing with intent to distribute, on or about January 18, 2007, a measurable quantity of "crack", a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); in Count Three with knowingly and wilfully distributing, and possessing with intent to distribute, on or about February 9, 2007, a measurable quantity of "crack", a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); in Count Six with manufacturing, distributing, and possessing with intent to distribute, or aiding and abetting same, on or about April 17, 2007 a measurable quantity of "crack", a Schedule II narcotic controlled substance, in violation

of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2; and in Count Eight with knowingly and willfully manufacturing, distributing and possessing with intent to distribute, or aiding and abetting same, on or about May 3, 2007, more than five (5) grams of "crack", a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) in United States Code, Section 2. The defendant was previously arraigned and entered pleas of Not Guilty to each of these charges. The defendant having now indicated an intent to change his pleas, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on December 6, 2007. The defendant was at all times present in person and with his counsel, Charles Y. Sipe. The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the pleas, and the defendant entered pleas of guilty to Counts One, Two, Three, Six and Eight of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

2

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is Pat Jeffrey Egan, that he is forty-five (45) years of age, that he completed the tenth grade in school in New Jersey, and that he can read, write and understand English without difficulty. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings; he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings, and he stated that his mind was clear. Counsel for the defendant represented that he had no reservations about the defendant's competency to change his pleas and to enter pleas of guilty to the charged offenses.

The defendant testified that he had discussed the charges with his attorney and that he had previously received a copy of the Indictment against him. He testified that he understood each of the charges against him, and he understood that each was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charges contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior pleas and to enter pleas of guilty to each of the charges against him.

3

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the terms of the agreed sentencing guideline provisions and the defendant's agreement to be bound by the court's drug weight determination (¶ 3); the defendant's agreement to plead guilty to Counts One, Two, Three, Six and Eight of the Indictment (¶ 2); the defendant's acknowledgment of the maximum and mandatory minimum sentences for the offenses set forth in Counts One, Two, Three, Six and Eight (¶ 1); the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment per felony count for which he is convicted (¶ 6); the agreement's provision pertaining to the defendant's offense role (¶ 4); the agreement's provision pertaining to the defendant's acceptance of responsibility (¶ 5); the provision setting forth the defendant's waiver of his right to appeal his conviction and sentence (¶ 9); his waiver of his right to a jury determination of all sentencing guidelines issues (¶ 3); the terms of the defendant's waiver of his rights to attack collaterally either his conviction or any part of the sentence which might be imposed by the court (¶ 10); the terms of the defendant's waiver of any right to access investigation or prosecution records (¶¶ 9 and 11); the agreement's provision concerning any evidence proffer by the defendant (¶ 7); the agreement's substantial assistance provision (¶ 15); the defendant's obligation to provide a financial statement (¶ 8); the agreement's provisions concerning the abandonment of any contraband (¶ 12); the agreement's forfeiture provision (¶ 16); the terms of the defendant's statute of limitations waiver (¶ 13); and the substance of the agreements other terms (¶¶ 11, 14, and 17 through 19).

4

Counsel for the defendant and the defendant then separately stated that their understanding of the plea agreement was the same as that set forth by the government's attorney. Counsel for the defendant further represented that all of the terms of the plea agreement had been reviewed with the defendant and that he was satisfied that the defendant understood each of its terms. The defendant then testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter into the plea agreement or to enter pleas of guilty in this case and that no one had attempted in any way to force him to plead guilty. He stated that he knew that his pleas, if accepted, would result in him being adjudged guilty of five felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter pleas of guilty to Counts One, Two, Three, Six and Eight of the Indictment which charged him with the five specific felony offenses set forth above and also set forth in paragraph 1 of the written plea agreement.

After the attorney for the government stated the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment and the mandatory minimum penalty provided by law for the offense charged in Count Eight of the Indictment, the defendant acknowledged unequivocally that he understood ten (10) years imprisonment to be the mandatory minimum penalty[1] which the court would be required to impose if his plea of guilty is accepted to Count One and that

---

[1] The defendant was informed that a sentence of less than the mandatory minimum, however, was possible if the government in its discretion chose to make a motion pursuant to 18 U.S.C. § 3553(a) on his behalf, or if he qualified for the "safety valve" exception set forth in 18 U.S.C. § 3553(f).

5

he understood five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count Eight. *See* Rule 11(b)(1)(I).

After the attorney for the government stated the maximum possible penalties provided by law for the offenses charged in Counts One, Two, Three, Six and Eight of the Indictment, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for the remainder of his life and a $4,000,000.00 fine, that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Eight of the Indictment to be confinement in a Federal penitentiary forty (40) years and a $2,000,000.00 fine, that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Two of the Indictment to be confinement in a Federal penitentiary twenty (20) years and a $1,000,000.00 fine, that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Three of the Indictment to be confinement in a Federal penitentiary for twenty (20) years and a $1,000,000.00 fine, and that he understood the maximum possible penalty provided by law for the felony set forth in Count Six of the Indictment was similarly confinement in a Federal penitentiary for twenty (20) years and a $1,000,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford

6

Case 5:07-cr-00037-GEC-JGW   Document 111   Filed 12/14/07   Page 6 of 12   Pageid#: 221

adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay a mandatory Five Hundred Dollar ($500.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have absolutely no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel

7

at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of guilty pleas to Counts One, Two, Three, Six, and Eight. *See* Rule 11(b)(1)(F).

The defendant then stated under oath that he was pleading guilty because he was in fact guilty of each of the five crimes charged in Counts One, Two, Three, Six and Eight of the Indictment. In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the defendant's guilty pleas, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had

8

been fully reviewed with the defendant, both the defendant and his attorney agreed that it fairly summarized the government's evidence.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 21, United States Code, Section 846; a plea of GUILTY to Count Two alleging the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); a plea of GUILTY to Count Three alleging the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); a plea of GUILTY to Count Six alleging the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2; and a plea of GUILTY to Count Eight alleging the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

After entering his pleas as aforesaid, after an independent basis for each plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the defendant reiterated that his pleas of guilty were fully voluntary and that he was fully satisfied with the advice, assistance and services of his attorney. The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents and that he and his attorney agreed to its accuracy, it was received and filed without objection and made a part of the record. It is incorporated herein and made a part hereof by reference.

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas of guilty;

2. The defendant is fully aware of the nature of the charges and the consequences of his guilty pleas;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his pleas of guilty, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of pleas of guilty to Counts One, Two, Three, Six and Eight were all made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's entry of a plea of guilty to Count Two was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

8. The defendant's entry of a plea of guilty to Count Three was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

9. The defendant's entry of a plea of guilty to Count Six was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

10. The defendant's entry of a plea of guilty to Count Eight was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

11. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than those contained in the plea agreement;

12. The plea agreement complies with the requirements of Rule 11(c)(1); and

13. The evidence presents an independent basis in fact supporting each essential element of the five offenses to which the defendant is pleading guilty.

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's pleas of guilty to Count One, Count Two, Count Three, Count Six and Count Eight and that a sentencing hearing be scheduled on a date and at a time convenient with the presiding district judge.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file

written objections to such proposed findings and recommendations as provided by the rules of this court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 14th day of December 2007.

s/ James G. Welsh
United States Magistrate Judge